IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:12cr48-MHT |
| | ) | (WO) |
| MICHAEL SMITH | ) | |

OPINION AND ORDER

It is ORDERED that defendant Michael Smith's motion for reconsideration of denial of release (doc. no. 411) is denied.

***

With this opinion and order, the court explains both why it decided to take defendant Michael Smith into custody after his convictions and why it is now denying Smith's motion for reconsideration of that decision.

Smith has been convicted of two counts of deprivation of civil rights and five counts relating to the obstruction of justice. After a jury verdict, the court took Smith into custody pursuant to 18 U.S.C. § 3143(a)(2).

Section 3143(a)(2) provides that a person found guilty of certain offenses (including violent crimes and crimes for which the maximum penalty is life imprisonment) shall be detained pending sentencing. Because Smith was convicted of deprivation of civil rights for beating a prisoner to death <u>and</u> because he is looking at a maximum penalty of life imprisonment, this mandatory detention provision governs on both points. According to this provision Smith must be detained unless the court finds him unlikely to flee or pose a danger to the public and also finds that one of two conditions are met: (i) there is a substantial likelihood that a motion for acquittal or new trial will be granted, or (ii) the government recommends a non-incarceration sentence. Here, neither of these latter two conditions is met.

Although there is disagreement among courts as to whether the "exceptional circumstances" provision of 18 U.S.C. § 3145(c) also applies to § 3143(a)(2), <u>contrast</u> <u>United States v. Goforth</u>, 546 F.3d 712 (4th Cir. 2008)

(finding term "judicial officer" in § 3145(c) includes both district and appellate judges), with United States v. Harrison, 430 F. Supp. 1378 (M.D. Ga. 2006) (Lawson, J.) (finding § 3145(c) does not apply to district courts), both the government and Smith agree that § 3145(c)'s exceptional circumstances also apply to § 3143(a)(2). For reasons that will be explained, the court concludes that exceptional circumstances do not merit Smith's release, and, therefore, the court need not resolve the disagreement.

As counsel for Smith observed, the court must look at the totality of the circumstances in determining whether exceptional circumstances are present. First, not all forms of violence are equal. On the one hand, there might be a simple assault without serious injury, and, on the other, there is death. Here, Smith's unjustified violence had the ultimate result: the death of Rocrast Mack. Second, there was sufficient evidence to support the finding that Smith maliciously and sadistically, and

without any justification, tortured Mack, an inmate who had been entrusted to Smith's care.  There was further sufficient evidence to support the findings that, on two separate occasions, albeit within minutes of each other, he not only ordered others to beat Mack repeatedly with their fists and batons, he himself repeatedly beat Mack with a baton, and, on the last occasion, he even stomped on Mack's head.  Mack was left brain dead.  Thus, there was sufficient evidence to support the finding that Smith's violence was most extreme.

To be sure, there are other factors a court should consider: the aberrational nature of the offense, United States v. Garcia, 340 F.3d 1013, 1019 (9th Cir. 2003); the length of the sentence imposed or the length of the maximum possible sentence, id.; circumstances that would render prison unusually harsh for the particular defendant (for example, serious illness or injury), id. at 1019-20; the nature of the defendant's arguments on appeal, id. at 1020; an exceptional unlikelihood that the

defendant would flee or constitute danger to the community, id.; an unusual degree of cooperation with the government, id. at 1021; whether the defendant led an exemplary life prior to his offense and would be likely to continue to contribute to society significantly while free pending sentencing, United States v. DiMattina, 885 F. Supp. 2d 572, 589 (E.D.N.Y. 2012) (Weinstein, J.); and whether the defendant's family would suffer exceptional hardship due to his detention, United States v. Williams, 903 F. Supp. 2d 292, 302 (M.D. Pa. 2012) (Connor, J.). This court has considered all these factors, but only a few warrant discussion.

Smith's family circumstances do not warrant his release. Most defendants who come before this court have family circumstances similar to, if not much worse than, Smith's. Indeed, the court is without evidence that Smith and his wife do not have others who can assist his wife with their children in Smith's absence. And while Smith's status as a former correctional officer may make

his confinement particularly challenging, this concern applies to every law-enforcement officer who finds himself on the wrong side of a locked door. Without some evidence that the conditions of Smith's confinement are uniquely harsh as compared to that of other similarly situated defendants, this circumstance is, by itself, unexceptional.  Smith further argues that his "detention will interfere with his ongoing mental health treatment." Def. Smith's mot. for reconsideration (doc. no. 411) at 1-2.  The court does not see this need as an obstacle to confinement.  Upon Smith's request, the court is willing to meet with Smith's counsel and this district's Marshal to make sure that all of Smith's medical needs are met.

On the other hand, to be sure, there is no evidence that Smith is a flight risk or that he is a danger to society.  Nevertheless, looking at the totality of the circumstances and after considering all the factors listed above--in particular, against the backdrop of Mack's death and the evidence sufficient to support a

finding of Smith's malicious and sadistic torture of Mack--the court is convinced that exceptional circumstances are not present here.  (Of course, this view of the evidence is based on what was presented at trial and is subject, within the confines of the jury verdict, to reconsideration based on the evidence presented at sentencing.)

    DONE, this the 1st day of July, 2013.

                                         /s/ Myron H. Thompson  
                                 **UNITED STATES DISTRICT JUDGE**