IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 2:11cr200-MHT |
| SCOTTIE T. GLENN | ) | (WO) |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 2:12cr48-MHT |
| MICHAEL SMITH, | ) | (WO) |
| MATTHEW DAVIDSON, and | ) | |
| JOSEPH SANDERS | ) | |

ORDER

It is ORDERED that defendant Michael Smith's objection (Doc. No. 478 in criminal action no. 2:12cr48-MHT) is overruled and that his motion to hold his sentencing on original date (Doc. No. 478 in criminal action no. 2:12cr48-MHT) is denied.

***

The court gives these reasons:

(1)  Immediately after the on-the-record conference on September 13, 2013, the court rearranged its calendar to reschedule the sentencings for all four defendants in these two criminal cases, so as to allow adequate time for the anticipated and unprecedented lengthy sentencings (in light of the number of experts and the number and complexity of objections) and so as to keep the sentencings together and avoid any of the possible due-process problems articulated during the September 13 conference.  Moreover, to undo the rescheduling in these two criminal cases would be unfair to the parties in the other cases whose schedules have now been changed.

(2) Based on the representations made at the September 13 conference, the court does not see how defendant Michael Smith's experts can be heard in one day on both direct and cross by all involved.

(3) Defendant Smith says that his experts have conflicts in November. However, the sentencings for all

2

four defendants have been reset for late October, not November.

(4) The court is fully aware of the financial constraints placed on the Federal Defender's Office during this time of "sequestration." So as to save travel expenses for the experts (if not for some of the counsel as well) and to attempt to accommodate any still-existing conflicts, the court is willing to hear some or all of the experts by video-conferencing, at a time or at times before the new sentencing date of October 28, 2013. Of course, all defendants and their counsel, as well as government counsel, would have to be present during all such video-conferencing hearings. If defendant Smith would like to explore this possibility, his counsel should file, forthwith, a motion asking for such "in general," with the details (including dates and times) to be worked out later.

DONE, this the 16th day of September, 2013.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE