```
     IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

        MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


UNITED STATES OF AMERICA     )
                             )      CRIMINAL ACTION NO.
    v.                       )         2:11cr200-MHT
                             )             (WO)
SCOTTIE T. GLENN             )


UNITED STATES OF AMERICA     )
                             )
    v.                       )      CRIMINAL ACTION NO.
                             )         2:12cr48-MHT
MICHAEL SMITH,               )             (WO)
MATTHEW DAVIDSON, and        )
JOSEPH SANDERS               )
```

OPINION AND ORDER

It is ORDERED that defendants Michael Smith's, Matthew Davidson's, and Joseph Sanders's motions to sever sentencings (doc. nos. 510, 513, and 514 in criminal action no. 2:12cr48-MHT) are denied. (The courtroom deputy gave notice of this decision to counsel for the government and all defendants yesterday.)

***

At an on-the-record hearing on October 23, 2013, it became clear to the court that some of defendants have

dramatically different views and demands regarding severing their sentencing hearings. The court gives these reasons for why the sentencings for defendants Michael Smith, Matthew Davidson, Joseph Sanders, and Scottie T. Glenn should remain consolidated, although each defendant will still receive a completely <u>individualized analysis and determination</u>:

(1) Smith voiced a concern that some of the evidence may be applicable against one defendant but not another. However, because this is a bench proceeding, the court can make sure that the evidence is applied against only the defendant against whom it should be applied. Indeed, this marshaling of evidence and limitation of its application to a particular defendant (and even a particular issue) are what judges in bench proceedings (pretrial hearings, trials, sentencings, and so forth) do all the time. <u>See, e.g.</u>, <u>Johnson v. Tennis</u>, 549 F.3d 296, 298-300 (3d Cir. 2008) (holding that the rule and rationale of <u>Bruton</u> does not apply to bench trials). Of

course, if these sentencings were before a jury, this concern might have serious merit. See, e.g., Bruton v. United States, 391 U.S. 123, 136-137 (1968) (recognizing that a jury instruction is insufficient to cure a violation where a jury is exposed to evidence from one defendant that will strongly implicate another defendant).

(2) Counsel for Smith argues that, because the defendants may try to blame each other, a defendant will in effect be confronting four prosecutors: counsel for the government and counsel for the three other defendants. But this is always a possibility in any criminal trial (jury or otherwise) where defendants are tried together. And, as is always true in a proceeding where defendants are heard together, this court will make sure that one defendant is not treated unfairly by another defendant. Smith has not articulated any unfairness, which could arise during consolidated sentences, that his counsel could not bring to the

court's attention and that the court could not then redress.

(3) Because the sentencings of these four defendants present extremely difficult and complex legal issues and because many of these legal issues are common to all defendants, the court believes that, as a matter of simple common sense, it is fairer to hear from all defendants before resolving these issues. Moreover, the more input the court has from the varying defendants in resolving these legal issues, the more likely it is that the court will reach the right result. (Counsel for Smith stated that, if the sentencings were completely separate, she would find no fault with the scenario that the court might resolve a legal issue one way for one defendant and then, later, be convinced to resolve the legal issue differently for another defendant. The injustice in this scenario is obvious, and especially so since it can be avoided.)

(4) Even if the court were to grant the severance motions, the sentencings here would not be truly

4

separate. One or two defendants want to rely on expert testimony presented by another defendant, and the parties all agree that the victims are to testify only once as to all defendants. Furthermore, because the likelihood of witnesses going longer or shorter than expected is almost certain and because there is the almost certain likelihood of unexpected conflicts and other problems (personal and otherwise) from the lawyers in a proceeding of this length (at least five days), there is also the almost certain likelihood that this court will have to hear matters as to one or more defendants out of turn. In short, even if the court were to attempt to separate the sentencings, the attempt would be elusive.

(5) In their filings and at the hearing, the government and the four defendants were all over the place as to which defendant should go first, second, third, and last. Indeed, their oral representations sometimes differed from their earlier written filings. So as to avoid even the appearance of giving the government or a particular defendant any perceived

5

advantage in the order in which the defendants are sentenced, the court believes it is best simply to provide a level playing field and sentence all defendants at the same time.

(6) Smith's real concern seems to be that he does not want his expert witnesses to be cross-examined by the other three defendants to their benefit. However, one of the other three defendants says that he does not intend to rely on Smith's experts and the other two defendants stated that they do not intend to cross-examine Smith's experts. Therefore, Smith's concern is no longer real.

(7) Because the legal issues presented as to all four defendants are so complex and difficult and because it appears it will take a week for all four defendants to put on their evidence, there is the substantial likelihood that the court would need time to deliberate before announcing its sentence for any one defendant. Thus, there is the real likelihood that the court will have heard from all four defendants before announcing its sentence for any one defendant, with the result that, in

practical terms, there would not be any real difference between consolidated sentencings and separate sentencings--other than the worry that would attend trying to pretend the sentencings are separate.

(8) Smith seems to be using his severance motion as another way to object to the fact that his presentence report incorporates proffer statements of the other defendants and out-of-court testimony of other uncharged witnesses, objections he has already asserted to the report itself.  In his motion, he states that, because the other defendants can assert their Fifth Amendment right not to testify during a joint sentencing, a joint hearing would violate his Sixth Amendment right to confront these defendants on the statements they have offered.  Smith may still raise these concerns in a joint sentencing hearing (or, for that matter, even in a separate sentencing), and, if they have merit, the court will sustain them.

(9) Finally and perhaps most significantly, defense counsel have known for months that the defendants would

7

be sentenced jointly. The court has already set aside a week and has already begun preparation for the sentencings as a joint proceeding. These three eleventh-hour requests for separate sentencings (filed just five business days before the sentencings are to begin) come much too late. The court simply does not have the time to stop and devote these few days, before the sentencings, to re-calibrating everything (including the order of the sentencings, the order of witnesses, and, indeed, the court's schedule) to accommodate these tardy requests. These tardy requests not only raise the specter of unfairness to some of the defendants, they would be unfair to the court. If Smith, Davidson, and Sanders thought that consolidated sentencings would be unfair to them, they should have brought this matter to the court's attention months ago.

DONE, this the 24th day of October, 2013.

    /s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE