IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:12cr48-MHT |
| | ) | (WO) |
| **MICHAEL SMITH** | ) | |

OPINION AND ORDER

This case is before the court on defendant Michael Smith's motion for resentencing. Smith seeks compassionate release, that is, a reduction in sentence to time-served pursuant to 18 U.S.C. § 3582(c)(1)(A), which authorizes courts in certain circumstances to reduce a defendant's sentence based on a finding of "extraordinary and compelling reasons." Smith contends that such reasons exist here because of the coronavirus pandemic; his vulnerability to severe illness from COVID-19; and the conditions at the prison where he is incarcerated. For the reasons explained below, the motion will be denied.

In 2013, Smith was convicted of two counts of deprivation of civil rights, and five additional counts

related to obstruction of justice.  The charges stemmed from his brutal beating of a restrained Alabama prisoner who died of his injuries, and his efforts thereafter to cover up his wrongdoing.  The court sentenced him to a term of 360 months on each of the civil-rights counts and 240 months on each of the obstruction-of-justice counts, all to run concurrently. While the U.S. Sentencing Guidelines called for a life sentence, the court granted a downward variance to 360 months.  Smith has now served slightly over seven years of his 30-year sentence.

Smith moves the court for compassionate release based primarily on claims that he suffers from health conditions that increase his vulnerability to severe illness should he contract COVID-19.  Smith, who is 46 years old, states that he is a lifetime smoker and suffers from obesity, high cholesterol, hypertension, and Type II diabetes.[1]  He contends that, given the

---

1. The Centers for Disease Control has warned that certain conditions increase an individual's risk of severe illness from COVID-19, including obesity and Type II diabetes, and lists other conditions that may

**conditions at the prison where he is housed, he is at serious risk of lasting physical impairment or death from COVID-19, and that his vulnerability to COVID-19 constitutes "extraordinary and compelling reasons" justifying a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). For its part, the government concedes that Smith's diabetes and hypertension, in the context of the coronavirus pandemic, constitute "extraordinary and compelling reasons" under § 3582(c)(1)(A), but argues that the court should deny a reduction based on**

---

increase the risk, including smoking and hypertension. *See generally People at Increased Risk,* Centers for Disease Control, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-increased-risk.html (last visited Sept. 2, 2020). It is not clear that Smith is obese according to the CDC's definition of "obesity" as having a body mass index of at least 30. *Id.* As the government points out, based on the data in Smith's medical record, he appears to have a body mass index below that level. *See* Govt. Resp. (doc. no. 662) at 13 (citing medical records). Furthermore, his diabetes, which was controlled by diet, is listed in his medical records as "resolved" as of March 2, 2020. Medical Records (doc. no. 662-8 at 5); *see also* Govt. Resp. (doc. no. 662) at 12-13. In any case, the court's decision does not turn on his health.

3

the sentencing factors in 18 U.S.C. § 3553(a).[2]

Section 3582(c)(1)(A) provides that a court "may" reduce a sentence if, "after considering the factors set forth in section 3553(a) to the extent that they are applicable," it finds "extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." By using the word "may," the statute clearly vests courts with discretion to grant a reduction if the stated conditions are met; however, it requires that the exercise of that discretion be informed by consideration of the factors in 18 U.S.C. § 3553(a) to

---

2. In its response to the Smith's motion, the government also argues that his motion should be dismissed without prejudice for failure to exhaust administrative remedies because he filed his motion sooner than 30 days after filing a request for compassionate release with the warden. 18 U.S.C. § 3582(c)(1)(A) allow a court to grant sentence reductions "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." In any case, this court need not resolve the exhaustion issue because Smith's motion fails on the merits.

the extent they are relevant.

Assuming that Smith's health conditions combined with the threat of COVID-19 could constitute "extraordinary and compelling factors warranting release," the court nevertheless finds that the balance of the applicable § 3553(a) factors strongly counsels against granting a sentence reduction here. First, "the nature and circumstances of the offense" are truly horrible. 18 U.S.C. § 3553(a)(1). As this court previously explained, "Smith maliciously and sadistically, and without any justification, tortured [inmate] Mack, an inmate who had been entrusted to Smith's care. ... [O]n two separate occasions, albeit within minutes of each other, he not only ordered others to beat Mack repeatedly with their fists and batons, he himself repeatedly beat Mack with a baton, and, on the last occasion, he even stomped on Mack's head." *United States v. Smith*, No. 2:12cr48-MHT, 2013 WL 3325776, at *1 (M.D. Ala. July 1, 2013) (Thompson, J.). This last occasion occurred after several

5

officers took inmate Mack to the healthcare unit in a medical cart because he could not walk.  Smith followed them, ordered the nurses to leave, and then pulled Mack, in handcuffs, off the bed and stomped on his head and hands.  After Smith left, the nurses returned and found Mack unconscious and bleeding from his skull.  Mack was left braindead and died the next morning of his injuries.  Smith then undertook extensive efforts to cover up his crime, instructing his colleagues to file false reports claiming that the deceased was unhandcuffed and actively resisting throughout the beating.

Given these facts, a lengthy sentence is required "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense."  18 U.S.C. § 3553(a)(2)(A).  Reducing Smith's sentence from 360 months to the approximately 86 months--or seven years and two months--he has so far served would fly in the face of that requirement, even if he were given an additional sentence of home

6

confinement. Home confinement--with ready access to his family and other comforts of home--simply is not a severe enough punishment for Smith's horrendous crime. See 18 U.S.C. § 3553(a)(3). Furthermore, courts must consider the need for a sentence "to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(B). This need may be particularly important in the area of excessive-force violations by correctional staff, who wield enormous amounts of power over people whose complaints of abuse are likely to be written off as not credible based on their criminal records. A sentence of 87 months is not sufficient deterrence. One § 3553(a) factor does weigh somewhat in Smith's favor--the need to protect the public from further crimes of the defendant. *See* 18 U.S.C. § 3553(a)(2)(C). The court is not particularly concerned that Smith would commit additional crimes in the future given that he is unlikely to be employed in corrections again. However, that factor is heavily outweighed by the others discussed above.

7

The court is not insensitive to the danger posed by the coronavirus pandemic to prisoners who, like Smith, are forced to live in close quarters, especially those who may have health conditions that put them at an elevated risk of serious illness from COVID-19. However, given the severity of Smith's crime, the court declines to exercise its discretion to grant him a sentence reduction at this time.

***

Accordingly, it is ORDERED that defendant Michael Smith's motion for resentencing (doc. no. 654) is denied.

DONE, this the 3rd day of September, 2020.

                                          /s/ Myron H. Thompson
                                         **UNITED STATES DISTRICT JUDGE**